# METROPOLITAN RAILROAD COMPANY

*v.*

# MARTIN.

EVIDENCE; EXPERT TESTIMONY; PRESUMPTIONS; ERROR.

1. Where in an action against a street railway company to recover damages for personal injuries, a witness, a trained nurse, replied to a question whether the injured valves in the blood vessels of the plaintiff, whom she attended, were the result of internal disease or external injury by saying that "the blood vessels being injured, the blood would settle if the circulation was interfered with;" and that the plaintiff "was a healthy woman naturally; she was not diseased in any way;" the testimony is not objectionable upon the ground that the witness was not shown to be an expert, since any person of ordinary intelligence could testify to the extent that the witness testified.

2. Where in such an action, the plaintiff testifies that upon being taken to a store near the place of the accident, she said to the conductor, "It is all your fault;" and the conductor, in testifying for the defendant, denies that the plaintiff made such a remark to him; it is error for the trial court to charge the jury that the presumption is that the plaintiff made the remark rather than that she did not, although the jury are also told that it is for them to say whether it is of any importance.

No. 931. Submitted December 6, 1899. Decided January 2, 1900.

HEARING on an appeal by the defendant from a judgment

of the Supreme Court of the District of Columbia upon a verdict in an action to recover damages for personal injuries.    *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Nathaniel Wilson, Mr. D. W. Baker* and *Mr. C. R. Wilson* for the appellant.

*Mr. J. J. Darlington* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a judgment of the Supreme Court of the District of Columbia rendered against the appellant, the Metropolitan Railroad Company, in an action on the case for damages alleged to have been caused by personal injury suffered by the appellee, Ellen H. Martin, by reason of the negligence of the employees of the appellant.

It seems that the appellee, while alighting from one of the cars of the appellant company on F street, at or near Twelfth street, in the city of Washington, was thrown to the ground and severely injured, whether in consequence of the premature starting of the car after it had stopped for her, or in consequence of her prematurely attempting to alight from the car before it had come to a full stop, is matter of controversy.    There was verdict for the plaintiff, and thereupon judgment; and upon exceptions taken at the trial the defendant has appealed to this court.

One of these exceptions is based upon the admission of certain testimony on behalf of the plaintiff.    As this testimony was introduced by way of a deposition, and is therefore likely to be introduced again in the same form, and with the same objection and exception, in a new trial of the cause, it seems proper that we should dispose of it here, although our disposition of it is not necessary to the determination of this appeal.

The witness, whose deposition was taken, was a trained nurse, who attended the plaintiff during her illness consequent upon the injury which she had received. She was asked whether the injured valves in the blood vessels of her patient were the result of internal disease or external injury; and to this question objection was made on the ground that the witness was not sufficiently shown to be an expert competent to express an opinion in such a case. But the objection was overruled, and exception was noted.

We do not think that it is necessary to inquire whether this witness was an expert in the sense of the law, so as to give her opinion in the case as an expert; for in answer to the question she gave no expert opinion. She said first: "Well, the blood vessels being injured, the blood would settle if the circulation was interfered with;" and when the question was repeated, she said: "She (the plaintiff) was a healthy woman naturally; she was not diseased in any way." It did not require either a medical expert or a trained nurse to make either one of these statements. Any person of ordinary intelligence could have testified to that extent.

We do not think that this exception was well taken.

More serious questions, however, are presented by the charge given by the court to the jury in the case; for we need not consider the instructions requested by counsel, and to the giving or refusing of which, as the case may have been, exception was reserved. We are compelled to conclude that there were grave errors in this charge. We need only to consider one of them.

It was in evidence that, after the plaintiff was injured, she was taken into a store adjacent to the place of the accident; and she herself testified that she then and there said to the conductor, who was also there, and who requested to know her name: "It is all your fault; had you waited a moment I would have been off." But the conductor, when

he was placed on the witness stand on behalf of the defendant, testified, in regard to the same circumstance, that she said nothing at that time about the accident being his fault, and that she made no remark to him about his carelessness. Commenting at considerable length and with much force upon this testimony, the court said to the jury:

"He says she did not say it. Very well, she says she did. Now, as between these two, I tell you, gentlemen, if you deem it of any importance in this case, that according to the principle of law you are justified in believing, other things being equal, that she did say it, rather than that she did not say it."

And afterwards returning to the same subject, when counsel for the plaintiff, upon reflection that what occurred in the store might not be part of the *res gestæ*, requested the court to instruct the jury to disregard that part of the testimony, the court said:

"I said that if they (the jury) considered it of any sort of value. . . . They took pains to examine the plaintiff on the subject, and it was going, I thought, to a discussion of the veracity of the plaintiff. It was a subject of examination which I conceived to be proper, and I think so still. . . . It is a matter of no earthly consequence. It would be the most natural thing in the world for anybody who was injured to blame it on somebody else; but if the attempt was made to show that what she said was not true, then I say, the presumption is rather that she said it than that she did not say it, when the only witnesses were these two people. I say it still."

All this latter part of the remarks of the court occurred in a colloquy between the court and counsel, but in the presence of the jury; and while no formal exception was taken to it, it only emphasized what we have quoted as having been stated to the jury in the charge, to which exception was duly taken.

It is very clear to us that the learned justice who presided at the trial of this case was led into error by his own illustration which he used on the occasion. It was to the effect that, if two men were in a room where there was a clock, and one of them testifies that he heard the clock strike, and the other testifies that he did not hear it strike at all, the former is to be believed rather than the latter, the affirmative statement rather than the negative. But that illustration was not at all applicable here; nor was the conclusion of law derived from it. When one person testifies that certain words were spoken, or that certain things occurred, and another person testifies that no such words were spoken or that no such things occurred, the case presented is a very different one from that in which the negative testimony is to the effect that the witness heard no such words or saw no such things as are stated by the other witness to have occurred. In the latter case there is a certain amount of presumption in favor of the testimony which alleges the affirmative, greater or less according to circumstances. In the former case, other things of course being equal, there is no presumption whatever in favor of one as against the other. Both statements are equally positive; it is not a case of affirmative and negative testimony; it is positive assertion on the one side against positive assertion on the other. This seems to be so plain to us that we would regard it as useless and unnecessary to cite authorities in support of the proposition.

It does not help the case at all that it was left to the jury to determine whether the circumstance was of any importance in the case; or that, in his colloquy with counsel, the learned justice said that it was a matter of no earthly consequence; or that counsel for the plaintiff, in the abundance of his precaution, asked that the jury should be directed to disregard all the testimony on the point. As a matter of fact, the jury was not so directed; and the court emphasized

and reiterated its opinion that the testimony was proper, if not because the circumstance may not have been part of the *res gestæ*, at least because it went to the question of the veracity of the plaintiff; and that the presumption from it, as between the plaintiff and the conductor, was that the former rather than the latter should be believed. Now, if there was any such presumption in this case, it was not because the plaintiff affirmed and the conductor denied the making of a certain statement. No such presumption was proper to be deduced from their conflicting statements in that regard.

As we have intimated, it is unnecessary to consider the other assignments of error. It is very clear that the error which we have considered may have injuriously affected the interests and rights of the defendant in the cause ; and greatly as we regret that the parties should be put to the inconvenience, annoyance and expense of a new trial, we do not see that we can do otherwise, consistently with the rules of law, than reverse the judgment rendered in the cause.

The judgment appealed from will, therefore, *be reversed, with costs; and the cause will be remanded to the Supreme Court of the District of Columbia, with directions to vacate the verdict and to award a new trial. And it is so ordered.*